#D5103460

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST OF TX
FILED

2017 OCT 17 AM 9:30

DEPUTY CLERK_____

| | |
|---|---|
| GREYLING RODRIGUEZ<br>Individually and on behalf<br>of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NINE ENERGY SERVICE, LLC<br><br>Defendant. | Docket No.<br>**317 - CV 2843 - G**<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

_____/

## COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1. Greyling Rodriguez ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") from Nine Energy Service, LLC ("Defendant").

2. Plaintiff and his coworkers were employed by Defendant as oilfield personnel in Ohio, Pennsylvania and West Virginia, performing technical and manual labor job duties for tubing conveyed perforating ("TCP"), wireline, and packer jobs for oil and gas service companies.

3. Defendant required Plaintiff and other similarly situated oilfield personnel to work at least 12 hours a day, for at least 7 days a week. As a result, these workers often worked weeks consisting of 84 hours or more.

4. Defendant paid all of its oilfield personnel a salary and ticket bonus, regardless of the number of hours worked. Further, Plaintiff and his coworkers never received overtime pay for work performed in excess of 40 hours in a week.

5. This collective action alleges that Defendant misclassified Plaintiff and all oilfield personnel as exempt from the overtime requirements and seeks to recover the unpaid overtime wages, liquidated damages, attorney fees, and costs permitted by the FLSA.

## II. JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III. THE PARTIES

8. Defendant employed Grayling Rodriguez as a specialist/hand from approximately January 2015 to September 2015. Defendant paid Plaintiff a salary and bonus without overtime. Plaintiff's consent to be a plaintiff is filed with the Court as Exhibit 1.

9. The class of similarly situated employees ("Putative Class Members") consists of:

> **ALL SPECIALISTS/HANDS EMPLOYED BY NINE ENERGY SERVICE, LLC IN THE PAST 3 YEARS WHO WERE PAID A SALARY AND BONUS AND NO OVERTIME COMPENSATION**

10. Nine Energy Service, LLC may be served with process through its registered agent: CT Corporation System, 1999 Bryan Street, Ste 900, Dallas, Texas 75201, and has offices located at 6500 West Freeway, Suite 600, Fort Worth, Texas 76116.

## IV. COVERAGE UNDER THE FLSA

11. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise have and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## V. FACTS

15. Nine is a nationwide oilfield services with significant completion and land drilling operations throughout the United States. Nine employs oilfield personnel to serve its clients, exploration and production companies. These individuals make up the proposed Putative Class Members. While exact job titles may differ, these employees are subject to the same or similar illegal pay practices for similar work.

16. Specifically, the primary job duties of the Putative Class Members included operating oilfield machinery, collecting/relaying data, and reporting reports of daily activities to both field and remote supervisors for analysis. The Putative Class Members would conduct their day-to-day activities within designated parameters and in accordance with a predetermined well, workover, completion and operational plans.

17. The daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures and checklists created by Defendant.

18.     Virtually every job function was predetermined by Defendant, including the tools to use at a job site, the data to compile, and schedule of work and related work duties. The Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters.

19.     Moreover, the job functions of the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree. The Putative Class Members did not have any supervisory or management duties. Finally, for the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to servicing oil and gas operations in the field.

20.     The Putative Class Members also worked similar hours and were both denied overtime as a result of the same illegal pay practice. The Putative Class Members were generally scheduled to work 84 hours per workweek, but often worked more. Instead of paying them overtime, Defendant paid the Putative Class Members a base salary plus a ticket bonus.

21.     Defendant denied the Putative Class Members overtime for any and all hours worked in excess of 40 in a single work week.

22.     As the controlling law makes clear, the manual labor/technical duties which were performed by the Putative Class Members consists of non-exempt work.

23.     Therefore, Defendant owes back overtime wages to hundreds of their employees, all of whom worked long hours each workweek.

## VI. FLSA VIOLATIONS

24.     As set forth herein, Defendant violated the FLSA by failing to pay Plaintiff and the Putative Class Members overtime for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

25. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and the Putative Class Members overtime compensation. Defendant's failure to pay overtime compensation and intentional misclassification of these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

26. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

## VII. COLLECTIVE ACTION ALLEGATIONS

27. As described above, Plaintiff and all Putative Class Members were victimized by Defendant's pattern, practice, and/or policy, which is in willful violation of the FLSA.

28. Many Putative Class Members worked with Plaintiff and reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

29. Thus, Defendant imposed a uniform practice or policy on Plaintiff and all Putative Class Members regardless of any individualized factors.

30. Plaintiff and all Putative Class Members received a salary and ticket bonus, regularly worked in excess of 40 hours per week, and were not paid overtime compensation.

31. As described above, these Putative Class Members are similarly situated to Plaintiff in terms of relevant job duties, pay provisions, and employment practices.

32. Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policy and/or practice which are not dependent on the personal circumstances of any member of the Putative Class Members.

33. Plaintiff's experience is typical of the experiences of all Putative Class Members.

## VIII. JURY DEMAND

34.     Plaintiff demands a trial by jury.

## IX. RELIEF SOUGHT

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a.      For an Order certifying this case as a collective action for the purposes of the FLSA claims;

b.      For an Order finding Defendant liable for violations of federal wage laws with respect to Plaintiff and all Putative Class Members covered by this case;

c.      For a Judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Plaintiff and all Putative Class Members covered by this case;

d.      For a Judgment awarding Plaintiff and all Putative Class Members covered by this case their costs of this action;

e.      For a Judgment awarding Plaintiff and all Putative Class Members covered by this case their attorneys' fees;

f.      For a Judgment awarding Plaintiff and all Putative Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

g.      For all such other and further relief as may be necessary and appropriate

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on this _____ day of October, 2017.

Respectfully submitted,

By: __/s/ Shayan Elahi_____

**LAW OFFICES OF SHAYAN ELAHI**
Shayan Elahi, Esq.
TX Bar No. 24080485
P.O. BOX 630827
Irving, TX 75063
Telephone: (407) 902-5282
Facsimile: (888) 633-8920
dallasfortworthattorney@gmail.com

**AND**

 /s/ David Barszcz
**LYTLE & BARSZCZ, P.A.**
David V. Barszcz, Esq.
(NDTX Admission Pending)
Florida Bar No. 750581
543 N. Wymore Road, Ste. 103
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
dbarszcz@orlandoemploymentlawyer.net
**Counsel for Plaintiff**

# CONSENT TO JOIN WAGE CLAIM

Name: Greyling Rodriguez

1. I hereby consent to participate in a collective action lawsuit against Nine Energy Services, LLC to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at Law Office of Shayan Elahi and Lytle & Barszcz, P.A. as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at Law Office of Shayan Elahi and Lytle & Barszcz, P.A. to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: [signed]

Date Signed: 10-9-2017

JS 44 (Rev. 06/17) - TXND (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

RECEIVED
OCT 17 2017
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

### I. (a) PLAINTIFFS
Rodriguez, Greyling

### DEFENDANTS
Nine Energy Services, LLC

**(b)** County of Residence of First Listed Plaintiff   Osceola (FL)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Tarrant (TX)
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Shayan Elahi, Esq., P.O. Box 630827, Irving, TX 75063; and David Barszcz, Esq. (NDTX Admission Pending), 543 N. Wymore Rd, 103, Maitland, 32751

Attorneys *(If Known)*
Unknown

317 - CV 2843 - G

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act; 29 U.S.C. Section 201, et. seq.
Brief description of cause:
Failure to Pay Overtime

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE Sim Lake
DOCKET NUMBER 4:15-CV-03670

DATE 10/15/2017

SIGNATURE OF ATTORNEY OF RECORD
Shayan

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE